FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 04 2016

JAMES W. McCORMACK, CLERK
By: Meg True
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MADISON MCCASLIN                                                              PLAINTIFF

VS.                    Civil Case No.    2:16 CV049 - JLH

FRENCH TRUCKING, INC.,
JOHN W. LANDERS, and
JOHN DOES 1-5                                                  DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Madison McCaslin, by and through her attorneys, Duncan Firm, P.A., and for her Complaint, states as follows:

### I. INTRODUCTION

1. Plaintiff brings this Arkansas negligence lawsuit, involving a semi-tractor trailer traveling on Arkansas I-40, which violently and forcefully collided with the rear of Plaintiff's motor vehicle, on the westbound lane of Interstate-40 ("I-40"), log mile 254.55, near Widener, in Saint Francis County, Arkansas, on September 22, 2013.

### II. PARTIES

2. Plaintiff Madison McCaslin is a young adult attending college at Henderson State University, living in Garland County, Arkansas, who was driving through Arkansas on I-40, in St. Francis County, Arkansas at the time of the violent tractor-trailer motor vehicle collision.

3. Defendant French Trucking, Inc. ("French Trucking"), is a foreign corporation organized under the laws of the State of Tennessee that sends its trucks and employees to and through the State of Arkansas utilizing the Arkansas public roadways and the interstate system. French Trucking's corporate headquarters are located at 160 Bud Crockett Drive, Lexington, Henderson County, Tennessee 38351-4760, P.O. Box 958, Lexington, Henderson County,

This case assigned to District Judge __Holmes__
and to Magistrate Judge __Deere__

Tennessee 38351-0958. The registered agent for French Trucking is Rickey French, 160 Bud Crockett Drive, Lexington, Henderson County, Tennessee 38351-4760.

4. At all times complained herein, Defendant French Trucking, was the owner of and/or controlled the White 2006 Freightliner Columbia semi-tractor Vehicle Identification Number ("VIN") 1FUJBBCK06LU40436, and trailer registered in the State of Tennessee, traveling through the state of Arkansas, operated by its agent/servant/employee, John W. Landers, in the course and scope of his employment and under the direction and control of Defendant French Trucking, in furtherance of French Trucking's business interests.

5. At the time of the accident, the truck driver and vehicle were insured by Cherokee Insurance Company and were operating as an interstate carrier in the State of Arkansas under the U.S. Department of Transportation ("DOT") Number #215867, assigned to French Trucking, with MC/MX #203893.

6. Defendant John W. Landers operated the French Trucking semi-tractor trailer at the time of the collision. Defendant Landers' physical address is 2125 Hollywood Drive, Jackson, Madison County, Tennessee 38305. At all relevant times herein, Defendant Landers was under the control of or acting as an agent/servant/employee within the State of Arkansas, in the course and scope of his employment with French Trucking, in furtherance of their financial interests and directly subject to the direction and control of French Trucking.

### III. JOHN DOE UNKNOWN TORTFEASORS AND AGENTS

7. Various individuals and entities not named as Defendants herein may have directly participated in the unlawful conduct alleged herein, may have performed acts and made statements in furtherance thereof or omissions, which contributed to or caused the accident. These various individuals and entities may be agents, affiliates, alter-egos, partners, joint-

ventures of the named Defendants. While actively engaged in the management, direction or control of its affairs, each of the John Doe unknown tortfeasors may have performed each of the acts alleged herein, or alternatively, each John Doe unknown tortfeasors authorized or ordered duly authorized officers, agents, employees or representatives to perform said acts. These tortfeasors, upon information and belief, permitted tortious acts to be committed in the State of Arkansas. To the extent that such John Doe tortfeasor(s) are liable for some or all of the Plaintiff's damages, the identity of said tortfeasor(s) has not been determined as of this date and it is necessary to conduct discovery in order to determine the identity of said tortfeasor. Pursuant to Ark. Code Ann. § 16-56-125, Plaintiff has attached a John Doe Tortfeasors' Affidavit hereto as Exhibit "A," and incorporated herein by reference to toll the statute of limitations for the wrongful actions and/or omissions alleged herein against the John Doe Tortfeasor. In the event that a John Doe Tortfeasor is identified for one or more of the causes of action listed below, Plaintiff will amend her Complaint in accordance with Ark. Code Ann. § 16-56-125.

## IV. JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a), as a substantial part of the events giving rise to the claim occurred in Saint Francis County, Arkansas.

## V. FACTUAL ALLEGATIONS

10. On Sunday, September 22, 2013, at approximately 5:30 P.M., Plaintiff, an eighteen (18) year old college student was traveling westbound on I-40, near Widener, in St. Francis County, Arkansas, in a 2010 Chevrolet Impala. Plaintiff was traveling westbound on

Arkansas I-40 to Henderson State University in Arkansas, where Plaintiff was attending college. The conditions for travel were daylight and clear and the surface of I-40 was dry. Plaintiff reasonably and prudently approached an Arkansas construction zone set up in Arkansas on I-40, and slowed her vehicle to a stop, due to traffic, which had backed up and was stopped in the construction zone on I-40.

11. Defendants, who were following behind Plaintiff's vehicle in a large semi-tractor trailer, with a gross vehicle rating of 26,001 pounds or more, carelessly and negligently, *inter alia*, failed to maintain a proper lookout, control of their semi-tractor trailer, yield, slow and stop their semi-tractor trailer.

12. The semi-tractor trailer skidded and violently slammed in the Plaintiff's car, crushing the back of her vehicle and sandwiching her vehicle between the Defendants' semi-tractor trailer and the vehicle in front of Plaintiff's vehicle, which was also pushed sideways due to the forces from the impact and collision.

13. Plaintiff's vehicle and the semi-tractor trailer were disabled at the scene due to the collision, suffered extensive physical damage from the forces of the collision and impact, and were transported by towing service, Diamond D. Wrecker, to Forrest City, Arkansas.

14. As a result of the forces and impact at the scene, Plaintiff lost consciousness and after coming to, began experiencing severe pain throughout her entire body. Plaintiff crawled out of her car because of the fluids leaking from the collision and crawled across the asphalt to the side of the highway. Emergency vehicles from the surrounding communities in Arkansas arrived at the collision scene, in addition to the Arkansas State Police. Plaintiff was transported by St. Francis County EMS to the emergency room at Forrest City, Medical Center in Arkansas,

where she was diagnosed with a head injury and other complaints of pain in her head and numerous other traumatic, orthopedic and bodily injuries.

15. As a direct and proximate result of Defendants' careless, negligent and reckless conduct, as described more fully herein, Defendants are directly and affirmatively liable for the serious and permanently disabling injuries suffered by the Plaintiff, for which she seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. CAUSES OF ACTION

### A. Direct Negligence of Defendant Landers

16. The preceding paragraphs are hereby incorporated by reference.

17. Defendant Landers, and his employer Defendant French Trucking, had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their semi-tractor trailer on interstate highways in a reasonably prudent manner and with the highest degree of care.

18. Defendant Landers, the truck driver for Defendant French Trucking, was directly and affirmatively careless and negligent in the State of Arkansas, including, but not limited to, the following particulars:

    a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

    b. Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a),(b)(6), & (b)(8);

    c. Driving at a speed greater than is reasonable and prudent under the conditions in regard to actual and potential hazards existing at the time,

and as necessary to avoid colliding with any vehicle upon the roadway, and in the use of due care, in violation of Ark. Code Ann. § 27-51-201(a)(1) & (2);

d. Failing to properly and safely pass a vehicle on the left, in violation of Ark. Code Ann. § 27-51-307(a)(1) & (2);

e. Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

f. Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

g. Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

h. Failing to maintain appropriate speed under the facts and circumstances, in violation of the common law of Arkansas;

i. Failing to obey the "rules of the road" in violation of the common law of Arkansas;

j. Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

k. Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas; and

l. Failing to operate a reasonably safe semi-tractor trailer with adequate equipment, lighting and braking, in a reasonably prudent and safe manner,

and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, 391, 392, 393, *et seq.*

19. It was foreseeable that the failure of Defendants to operate their semi-tractor trailer in a reasonably prudent and safe manner on an interstate highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

20. The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways. At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

21. As a direct and proximate result of the acts and omissions of Defendants, as described above, Plaintiff suffered severe and permanently disabling injuries, for which she seeks compensation in excess of the amount required for federal diversity jurisdiction.

### *B. Direct and Vicarious Liability for Defendant French Trucking*

22. The preceding paragraphs are hereby incorporated by reference.

23. At all relevant times, Defendant Landers was acting as an agent/employee/servant within the scope and course of his employment with Defendant French Trucking, subject to its direction and control while furthering their business interests and financial enterprise on interstate highways in the State of Arkansas.

24. Defendant French Trucking is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

25. Defendant Landers is an agent and employee of Defendant French Trucking who was tasked by Defendant French Trucking to drive a tractor-trailer through the state of Arkansas on I-40.

26. The acts and omissions of Defendant Landers are directly imputed to his employer and principle, Defendants French Trucking. Defendant Landers' negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendants French Trucking on the public roads and interstate highways in the State of Arkansas.

27. Defendant French Trucking failed to train, supervise, monitor and control its employees, including Defendant John Landers, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

28. Defendant French Trucking failed to have policies and/or procedures in place to prevent its drivers, including Landers, from operating French Trucking's semi tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner.

29. French Trucking, through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Landers to drive in the negligent and reckless manner in which Landers was driving at the time that he collided with Plaintiff.

## VII. PROXIMATE CAUSATION

30. The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

31. As a direct and proximate result of the negligent acts and/or omissions, Plaintiffs sustained severe and critical personal, physical, psychological and emotional injuries.

## VIII. INJURIES AND COMPENSATORY DAMAGES

32. Plaintiff seeks compensation for the damages she has sustained and which were directly and proximately caused by the negligence, careless and reckless conduct of the Defendants, including, but not limited to the following damages permitted by applicable law:

   a. damages for the nature, extent, duration, and permanency of Plaintiff's injuries;

   b. full value of Plaintiffs' past medical, present and future medical expenses, including all special and consequential damages;

   c. full value of the expense of Plaintiffs' medical care, treatment and services received, including transportation, board and lodging expenses, 24 hour care, and those medical expenses, housekeeping, lodging, transportation and future care taking expenses that will be necessary and reasonably certain to be required in the future, including the value of any life-care plan;

   d. damages for Plaintiff's pain, suffering, mental anguish, embarrassment, PTSD, depression, and anxiety, experienced in the past, present and future;

  e. damages for the loss of enjoyment of life, hedonic damages and destruction of Plaintiff's goals and/or opportunities as a person;

  f. damages for scarring, disfigurement, and other visible results of Plaintiff's injuries;

  g. the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

  h. Plaintiff's future loss of past, present and future earning capacity and ability to earn, opportunities to thrive, develop and grow;

  i. loss of services, society, relationships, friendship and companionship sustained by Plaintiff;

  j. Plaintiff's hedonic damages, enjoyment of life and living, support, guidance and care-taking;

  k. full value of the functional services, structure, and support needed by Plaintiff; and

  l. all other compensatory damages allowed by Arkansas law.

33. The injuries and damages described herein have been suffered in the past, present and are reasonably expected to continue in the future.

## IX. PUNITIVE DAMAGES

34. Defendants' conduct was negligent, reckless, consciously indifferent, such that malice may be inferred from their acts and conduct in the State of Arkansas. Defendants knew, or ought to have known, in the light of the surrounding circumstances that Defendants' conduct would naturally and probably result in injuries and damage. However, Defendants continued

such conduct with malice, conscious indifference or in reckless disregard of the consequences from which malice may be inferred.

35. Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## X. DEMAND FOR JURY TRIAL

36. Pursuant to Fed. R. Civ. P. 38, Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, Ark. Code Ann. § 16-64-103, Plaintiff hereby demands a trial by jury of all issues of fact.

## XI. PRAYER FOR RELIEF

37. Plaintiff respectfully prays for an award of damages, including, but not limited to, actual, compensatory, special and consequential damages, and a joint and several judgment be entered against Defendants for all damages caused by Defendants, in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate Plaintiff for her injuries and losses suffered because of Defendants' conduct; for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; for punitive or exemplar damages, if applicable under the law, and for all other proper relief, including any costs and attorney's fees incurred on recovering any judgment.

Dated this 1st day of April, 2016.

Respectfully submitted,

_____
Phillip J. Duncan, ABN 74039
Richard L. Quintus, ABN 2000078
William R. Pointer, ABN 2007216
Justin C. Zachary, ABN 2010162
Timothy P. Reed, ABN 2012210
DUNCAN FIRM, P.A.
900 S. Shackleford Road, Suite 725
Little Rock, AR 72211
501-228-7600
501-228-0415, *facsimile*
phillip@duncanfirm.com
richard@duncanfirm.com
rob@duncanfirm.com
justin@duncanfirm.com
tim@duncanfirm.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

MADISON MCCASLIN                                                                    PLAINTIFF

VS.                   Civil Case No. _____

FRENCH TRUCKING, INC.
JOHN W. LANDERS, and
JOHN DOES 1-5                                                         DEFENDANTS

## AFFIDAVIT OF UNKNOWN TORTFEASOR

I, Justin Zachary, first being duly sworn under oath, pursuant to Ark. Code Ann. § 16-56-125, for his John/Jane Doe Affidavit, deposes and states of personal knowledge as follows:

1. I am Justin Zachary, counsel of record for the Plaintiff in the above-styled case.

2. I am licensed to practice law in the State of Arkansas and the Eastern and the Western Districts of Arkansas. My Arkansas Bar Association Number is 2010162.

3. The underlying action alleges various causes of action by Plaintiff against Defendants, arising out of a violent tractor-trailer motor vehicle collision on September 22, 2013, on the westbound lane of Interstate-40 ("I-40"), log mile 254.55, near Widener, in Saint Francis County, Arkansas.

4. As a result of the tractor-trailer motor vehicle collision occurring on September 22, 2013, this Complaint is filed alleging claims against all tortfeasors reasonably known and who can be identified upon currently available information.

5. As of the date of the filing of this Complaint, I have been unable to identify with due diligence, based upon the available facts and information, additional tortfeasors who might be directly or vicariously responsible or liable, who may have committed tortious acts or omissions, who may be rightfully included in one or more causes of action listed in this

1

2

Complaint, or who may be liable for some or all of the Plaintiff's damages who are not named parties and may thereby be brought into the lawsuit by pleading as provided by the Arkansas Rules of Civil Procedure and Arkansas law.

6. Counsel has a good-faith belief that such additional tortfeasors may exist, and anticipates that the discovery process and further identification of facts and information, not yet known or discoverable by public information, will yield the identity of additional tortfeasors.

7. In order to protect the interest of the Plaintiff, it is necessary to include allegations against unknown tortfeasors in this Complaint pleading.

8. I have included and identified the unknown tortfeasors in this Complaint as "John Does 1-5" and will supplement the pleading and caption with the correct information and additional parties and information, when and if it becomes available from facts currently unknown, or not available to the Plaintiff.

***Further Affiant Sayeth Not.***

Executed this 4th day of April, 2016.

_____
Justin Zachary

2

3

## ACKNOWLEDGMENT

**County of Pulaski** }
                     }ss
**State of Arkansas** }

*Subscribed, sworn to and acknowledged* before me, this ____4th____ day of April, 2016.

_____
Notary Public

[Seal]

PAMELA J. ALLEN
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires April 15, 2020
Commission No. 12376584

My Commission Expires: __04/15/2020__

3