# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

MADISON MCCASLIN                                                                                    PLAINTIFF

v.                                         No. 2:16CV000049 JLH

FRENCH TRUCKING, INC.;
JOHN W. LANDERS; and JOHN DOES 1-5                                                  DEFENDANTS

## OPINION AND ORDER

Madison McCaslin commenced this action after a French Trucking, Inc., truck driven by John Landers collided with her vehicle. She alleges that Landers was negligent and that French Trucking was both directly negligent and vicariously liable for the negligence of its employee, Landers. McCaslin seeks compensatory and punitive damages from the defendants. The defendants have moved for partial summary judgment on the direct negligence claim against French Trucking and the punitive damages claims. Their motions are granted.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable

to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

The facts of the accident are undisputed. On September 22, 2013, McCaslin was driving westbound on Interstate 40 in St. Francis County, Arkansas. She was stuck in traffic and her vehicle was at a complete stop in a construction zone when Landers's truck collided with the rear of her vehicle. Landers was traveling 41.5 miles per hour when he began braking just before the collision. It is undisputed that Landers was driving the truck in the course and scope of his employment with French Trucking. Landers and French Trucking admit that Landers was at fault for the accident and that French Trucking is vicariously liable for Landers's negligence. Document #20 at ¶¶ 19, 20.

The defendants argue that the facts, viewed in the light most favorable to McCaslin, do not show that they acted in a manner to justify an award of punitive damages. The recovery of punitive damages in Arkansas is governed by statute:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> > (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or
> >
> > (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

2

Ark. Code Ann. § 16-55-206. These factors must be proved by clear and convincing evidence. *Id.* § 16-55-207. Neither negligence nor gross negligence justifies punitive damages. *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity by Damron v. Sullivan*, 293 Ark. 576, 587, 740 S.W.2d 127, 132 (1987).

McCaslin first argues that it would be unfair and unjust to adjudicate her punitive damages claim before the close of evidence at trial. Document #22 at 3. McCaslin presents no affidavit or declaration under Federal Rule of Civil Procedure 56(d) to support her request that the Court refrain from deciding the motion until the close of evidence. Moreover, the parties jointly proposed a discovery deadline of December 29, 2016, in their Rule 26(f) report. Document #5. The Court later ordered discovery to be completed by August 10, 2017. Document #13. The summary judgment motion is ripe. *See Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 922 (8th Cir. 2010).

McCaslin also addresses the substance of the defendants' punitive damages motion as to each named defendant. She argues that punitive damages are warranted against both Landers and French Trucking. She says that Landers was aware of his duty, that Landers was aware of the potential harm he and his truck could cause, and that Landers agreed the accident was preventable. McCaslin describes nothing more that simple negligence. Arkansas requires more than simple negligence to support an award of punitive damages in vehicle accident cases. *Nat'l Bank of Commerce v. McNeill Trucking Co.*, 309 Ark. 80, 88, 828 S.W.2d 584, 588 (1992) (Dudley, J., concurring) (detailing history of vehicle accident cases); *Perry v. Stevens Transp., Inc.*, No. 3:11CV00048 JLH, 2012 WL 2805026, at *4 (E.D. Ark. July 9, 2012).

As to French Trucking, she argues that it had an inadequate hiring process, failed to equip its truck with a safe sun visor, and failed to require Landers to wear glasses while driving. French Trucking acknowledges that during thirty-three years of driving Landers was involved in three minor

3

accidents; in one, Landers was rear-ended by a utility vehicle while he was stopped at a red light. Document #20 at ¶6. Landers, however, did not disclose these accidents when he applied with French Trucking because they were more than three-years old, nor did they appear on Landers's motor vehicle record. *Id.* ¶¶8-11. A driving history with three minor accidents—all more than three years old—during thirty-three years of driving is insufficient to warrant punitive damages. *See Nat'l By-Prods., Inc. v. Searcy House Moving Co.*, 292 Ark. 491, 494-95, 731 S.W.2d 194, 196-97 (1987); *Elrod v. G & R Constr. Co.*, 275 Ark. 151, 155, 628 S.W.2d 17, 19 (1982); *see also Perry*, 2012 WL 2805026 at *6; *Wheeler v. Carlton*, No. 3:06CV00068 GTE, 2007 WL 30261 at *10 (E.D. Ark. Jan. 4, 2007). McCaslin points to nothing that shows that French Trucking knew or should have known that allowing Landers to drive naturally and probably would result in injury or damage and that it recklessly disregarded these consequences.[1]

Without a punitive damages claim, French Trucking argues that because it has admitted vicarious liability, McCaslin cannot maintain an action for direct negligence against it. When a defendant-employer admits that it is vicariously liable for the negligence of its employee, a plaintiff is allowed to maintain a claim on only one theory of recovery. *See Kyser v. Porter*, 261 Ark. 351, 358, 548 S.W.2d 128, 132 (1977) ("Our cases hold that a negligent entrustor, though guilty of a separate tort, is only liable to a third party for his entrustee's negligence, if any."); *Elrod*, 275 Ark. at 154, 628 S.W.2d at 19 ("[W]e are inclined to follow the majority view which allows plaintiff[s] to proceed on only one theory of recovery in cases where liability has been admitted as to one theory of recovery."). Nevertheless, this rule does not foreclose direct negligence claims when a plaintiff has a valid claim for punitive damages against the employer or when a plaintiff has a valid claim for

---

[1] As explained below, McCaslin's argument regarding the sun visor and eyeglasses also fails to support a direct negligence claim and so cannot support an award of punitive damages.

negligence against the employer based on the employer's policies and procedures. *See Regions Bank v. White*, No. 4:06CV01475 JLH, 2009 WL 3148732, at *4-*5 (E.D. Ark. Sept. 24, 2009); *accord McLane v. Rich Transp., Inc.*, No. 2:11-CV-00101 KGB, 2012 WL 3257658, at *4 (E.D. Ark. Aug. 9, 2012).

Because McCaslin's punitive damages claim does not survive summary judgment, she cannot maintain direct-negligence claims against French Trucking for negligent hiring, retention, or entrustment. *See Regions Bank*, No. 4:06CV01475 JLH, 2009 WL 3148732, at *5. Her negligence claims based on French Trucking's policies and procedures, though, fit within the exception set out above. The defendants argue that even so, McCaslin fails to proffer evidence to support her sun-visor and eyeglasses theories. McCaslin cites Landers's testimony that the sun was in his eyes immediately before the accident and that he sometimes wears glasses but was not wearing them at the time of the accident. That the sun was in Landers's eyes does not show that the sun visor was substandard. More to the point, it says nothing of French Trucking's policy on providing necessary equipment in its trucks. McCaslin has the burden of proof on these issues, but she has presented no evidence as to the adequacy of the sun visor or the policies of French Trucking. With respect to the eyeglasses, Landers testified that he wears reading glasses, but at the time of the accident he had a medical certificate that did not require him to wear corrective lenses while driving. Document #25-5; Document #19-3. No reasonable jury could find that French Trucking was negligent on either of these theories.

## CONCLUSION

For the foregoing reasons, the defendants motions are GRANTED. Documents #16 and #19. McCaslin's punitive damages claims against Landers and French Trucking and her direct negligence claim against French Trucking are dismissed with prejudice.

IT IS SO ORDERED this 22nd day of September, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE